## Floyd DANIELS v. STATE.
### No. 16825.

Court of Criminal Appeals of Texas.
May 23, 1934.

C. E. Florence, of Gilmer, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

The record contains neither statement of facts nor bills of exception. All matters of procedure appear regular.

The judgment will be affirmed.

## Pedro (Pete) FLORES v. STATE.
### No. 16868.

Court of Criminal Appeals of Texas.
May 30, 1934.

Schlesinger & Schlesinger and E. H. Talbert, all of San Antonio, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is murder; penalty assessed at confinement in the penitentiary for a period of not less than two nor more than fifteen years.

We have been favored with no brief or argument complaining of the procedure. The facts heard before the trial court are not brought up for review. No irregularity or fault in the procedure has been perceived which would authorize this court to interfere with the judgment.

It is therefore affirmed.

## Kelly HANSON v. STATE.
### No. 16900.

Court of Criminal Appeals of Texas.
June 6, 1934.

Sam T. Holt, of Carthage, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for possessing mash for the purpose of manufacturing intoxicating liquor; punishment being one year in the penitentiary.

The indictment is in proper form. The record is before this court without statement of facts or bills of exception.

The judgment is affirmed.

## Grady HILLIARD v. STATE.
### No. 16864.

Court of Criminal Appeals of Texas.
May 30, 1934.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The possession of intoxicating liquor for the purpose of sale is the offense; penalty assessed at confinement in the penitentiary for one year.

The facts heard before the trial court are not brought up for review.

There are alleged irregularities upon which appellant relies for a reversal, which cannot be appraised in the absence of the facts from which they arise.

Nothing demanding or authorizing a reversal appearing in the record, this court has no choice other than to affirm the judgment, which is accordingly ordered.